No. 86–1289. CALIFORNIA v. SABO ET AL. Ct. App. Cal., 4th App. Dist. Motions of respondents Ronald Lee Sabo and Angela Marie Zizzo for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

During a routine helicopter patrol a deputy sheriff observed what he believed to be marijuana plants growing inside a 15- by 20-foot greenhouse located in respondents' backyard. The helicopter hovered at 400 to 500 feet and circled the greenhouse in order to give the deputy a better look at the marijuana. Based on this observation a search warrant issued and deputies seized the marijuana. A trial court held the marijuana inadmissible as evidence and the California Court of Appeal affirmed, holding that the deputy's observation of the greenhouse from the hovering helicopter violated the Fourth Amendment. 185 Cal. App. 3d 845, 230 Cal. Rptr. 170 (1986). The Court of Appeal distinguished *California* v. *Ciraolo*, 476 U. S. 207 (1986), on the ground that there the observation of marijuana was made from a fixed-wing aircraft flying in navigable airspace at an altitude over 1,000 feet. The court concluded that here the helicopter was not in navigable airspace as that term is defined at 49 U. S. C. App. § 1301(29), but recognized that the helicopter was lawfully positioned because federal regulations allow operation of helicopters at altitudes less than the minimum permitted to fixed-wing aircraft, provided that the helicopter operates without hazard to persons or property, see 14 CFR § 91.79(d) (1987).* The court expressed concern about the capabilities of helicopters to furnish "a platform for aerial

---

*Title 49 U. S. C. App. § 1301(29) defines navigable airspace as "airspace above the minimum altitudes of flight prescribed by regulations issued under this chapter, . . . includ[ing] airspace needed to insure safety in take-off and landing of aircraft." The Court of Appeal reasoned that a helicopter flying below 1,000 feet is not above a specified minimum flight altitude and hence not in navigable airspace.

surveillance," 185 Cal. App. 3d, at 854, 230 Cal. Rptr., at 175, and held that the search in this case infringed on a reasonable expectation of privacy.

The Court of Appeal's holding that the helicopter was not in navigable airspace is questionable, and even if this is technically correct it remains true, as the court conceded, that the helicopter was lawfully positioned when the deputy observed the marijuana in respondents' greenhouse. While it is certainly possible that helicopter surveillance could be unreasonably intrusive on account of interminable hovering, raising clouds of dust, creating unreasonable noise, and so forth, nothing in the record indicates that any such factor was present in this case. The decision below is a highly questionable interpretation of our decision in *California* v. *Ciraolo.* I would grant certiorari.